**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS
No. 08-927V
Filed: March 20, 2013**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
Joseph H. Stewart, a minor ,        *
by his parents and natural guardians,  *
JAMIE M. SWENSON and            *
RANDY R. STEWART,             *
     Petitioners,          *      Attorneys' Fees and Costs
                           *
          v.             *
                           *
SECRETARY OF HEALTH AND     *
HUMAN SERVICES,           *
     Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on February 14, 2013, dismissing this case for failure to prosecute, given petitioners' failure to remain in contact with their attorney and to provide ordered updates to the court regarding the medical treatment and testing of their son.

On March 19, 2013, petitioners' counsel filed a motion for attorney fees and costs. The motion indicates that after informal discussions with respondent petitioners are seeking an award of $7,598.00, and that respondent has no objection to the amount being requested. Additionally, in lieu of filing a Vaccine General Order 9 statement, the motion notes that petitioners' counsel will reimburse petitioners for any costs they personally incurred that are compensable under § 15 (e)(1).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and upon a reasonable basis. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $7,598.00[3] in the form of a check payable jointly to petitioners, Jamie Swenson and Randy R. Stewart, and petitioners' counsel of record, Robert Krakow, for petitioners' attorney fees and costs.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).